# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| EARNEST W. SAPP, III, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:07-CV-90028 WLS |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 1:05-CR-17 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Sapp pleaded guilty to Count 14 of a multi-count Superseding Indictment charging Conspiracy to Defraud the United States by aiding and abetting in the preparation of False and Fraudulent Tax Returns, in violation of 26 U. S. C. § 7206(2), and 18 U. S. C. § 371. On December 21, 2005, Petitioner Sapp entered into a Plea Agreement with the Government (Doc. 101) and entered his guilty plea on he same date. On April 24, 2007, Petitioner Sapp was sentenced to a term of imprisonment of 12 months to be followed by a period of supervised release of two years. (Doc. 130).

On July 30, 2007, Petitioner Sapp filed a Motion To Correct Sentence Per Rule 52(b) and 60(b). (Doc. 132). In his Motion, Petitioner Sapp contended that his attorney called him at some unspecified time after his sentencing and advised him that there had been a three way telephone discussion between the sentencing judge, himself, and the Assistant U.S. Attorney regarding an agreement to change Petitioner's sentence to six (6) months in a Halfway House and six (6) months Home Confinement, followed by a period of Supervised Release. Petitioner says this "agreement" was not kept and he was required to serve the original sentence issued. No where in his pleadings does Petitioner Sapp explain how Rule 52(b) or Rule 60(b) apply to the situation of an alleged

telephonic "agreement" post sentence to his actual sentence. Nonetheless, it appearing that Petitioner Sapp was attempting to collaterally attack his sentence, he was given notice that his Motion was being recharacterized as a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on 12, 11, 2007. (Doc. 139). He filed a Motion and an Amended Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 141, 142). It should be noted, that Petitioner Sapp completed service of his 12 months imprisonment and was released from federal custody on June 26, 2008, without further amendment to his Motion. *See* Fed. Bureau of Prisons, Inmate Locator, Earnest W Sapp, Register Number 87957-020.

### **Conclusions of Law**

Petitioner Sapp is requesting that the District Court change his sentence on the basis of a telephone conversation after his sentencing between the Assistant U.S. Attorney, Petitioner's Attorney and the sentencing Judge, to which Petitioner Sapp himself was not a party. Regardless, of the content of that telephone conversation, which has not be confirmed by admissible evidence, the sentencing judge did not act on any questions asked or discussion had, but entered final judgment of sentence in Petitioner's case on April 24, 2007 (Doc. 130). Petitioner's Motion to Correct Sentence filed on August 3, 2007, was more than 90 days after the District Court had rendered its sentence. The District Court does not retain jurisdiction of a criminal sentence for more than seven (7) days after it is entered. *See* Rule 35, F.R.Cr.P.; *United States v. Stossel,* 348 F.3d 1320, 1322( 11th Cir. 2003); and *United States v. Diaz-Clark,* 292 F.3d 1310 (11th Cir. 2002. Petitioner's Motion fails to present a claim upon which this court may grant relief.

**WHEREFORE**, **IT IS RECOMMENDED** that Petitioner Sapp's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 2nd Day of September 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE